IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-0911-04






ISRAEL G. ROMERO, Appellant



v.



THE STATE OF TEXAS





ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


HARRIS COUNTY






Holcomb, J., filed a dissenting opinion.




 I respectfully dissent. On the record before us, I discern no violation of appellant's
Sixth Amendment right to confront the witnesses against him. Accordingly, I would reverse
the judgment of the court of appeals.

 The central concern of the Sixth Amendment's Confrontation Clause is to ensure the
reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in
an adversarial proceeding before the trier of fact. Maryland v. Craig, 497 U.S. 836, 845
(1992). In accord with that central concern, "the Confrontation Clause reflects a preference
for face-to-face confrontation at trial." Id. at 849 (emphasis in original). In the absence of
an actual face-to-face confrontation, a defendant's right to confront accusatory witnesses may
be satisfied if (1) denial of such confrontation is necessary to further an important state
interest and (2) the reliability of the testimony is otherwise assured. Id. at 850.

 After considering the record and the arguments of the parties, I conclude that an
important state interest is implicated in this case. On this record, the trial court could have
reasonably concluded that Vasquez's disguise was necessary to further the important state
interest in protecting the physical well-being of witnesses who have a well-founded fear of
retaliation on the part of the defendant. Vasquez testified that he witnessed appellant engage
in an unprovoked, determined, and lethal attack on a nightclub in Houston. Vasquez also
testified that he was afraid to testify against appellant because of what he had seen appellant
do. Finally, Vasquez remarked, during his testimony, about how appellant was looking at
him in the courtroom, apparently in a threatening manner. On this record, the trial court
could have reasonably concluded that Vasquez reasonably believed appellant was a
dangerous person, possibly a sociopath, and that Vasquez had a well-founded fear of
retaliation on appellant's part. The fact that the trial court made no such finding on the
record is not determinative. "Nothing in Maryland v. Craig requires that a trial court make
explicit, as opposed to implicit, findings regarding the necessity of a special procedure to
protect a . . . witness." Lively v. State, 968 S.W.2d 363, 367 (Tex.Crim.App. 1998).

 I also conclude that the trial court could have reasonably concluded that Vasquez's
disguise was necessary to further the important state interest in presenting key evidence to
establish guilt in a felony case. The record reflects that Vasquez was a key witness in the
State's prosecution of appellant for a very serious felony offense. The record further reflects
that Vasquez absolutely refused to testify unless he was allowed to wear his disguise. 

 Finally, I conclude that the reliability of Vasquez's testimony was otherwise assured,
because (1) both parties were aware of his name and residence address, i.e., he was not an
anonymous witness; (2) he testified in the courtroom and under oath, thus impressing him
with the seriousness of the matter and the possibility of a penalty for perjury; (3) he was able
to see appellant's face in the courtroom, thus reducing the risk that he would wrongfully
implicate an innocent person; (4) he was subject to cross-examination; and (5) the jury was
able to hear his voice and observe his overall demeanor.

 Undoubtedly, the Sixth Amendment does not always require that the jurors have the
ability to see the witness' eyes or see his mouth move as he talks. In some situations, for
example, a witness may be blind and may wear sunglasses over his sightless eyes; in other
situations, a witness may testify in sign language. 

 In my view, the Sixth Amendment was satisfied in this case. Accordingly, I
respectfully dissent.

FILED: OCTOBER 5, 2005

PUBLISH